John V. Phelps, Special Justice, concurring. I concur with the Majority opinion but write separately to emphasize that the basis for my concurrence is beyond the language of the majority. I also wish to express my concern about the injunctive order that precipitated this appeal. Appellees’ Motion for Injunctive Relief recites that it is filed pursuant to Rule 65 of the Arkansas Rules of Civil Procedure. Thus, Rule 65 provides the umbrella under which appellees’ proof and evidence was submitted. This limitation is consistent with counsel’s acknowledgment at oral argument that the relief sought in Arkansas courts must be |7referenced to the law of this state. In short, I believe that appel-lees are not entitled to relief outside the evidentiary demands of Rule 65 and our precedents which interpret the sufficiency of Rule 65 evidence. Accordingly, and despite the stipulations, it would have been preferable for the circuit court’s orders to have specified the factual references to those acts and threatened acts which it found to be irreparably damaging and likely to result in a successful trial outcome for appellees. Instead, the operative preliminary injunction merely described generic prohibited conduct without any explanation of what it was about the prohibited conduct, for instance “picketing,” that brought it within the scope of Rule 65. This omission is not merely technical or academic. At oral argument, appellees again referenced Lechmere v. NLRB, 502 U.S. 527, 112 S.Ct. 841, 117 L.Ed.2d 79 (1992). That case began when the union filed an unfair labor practices charge with the NLRB claiming that Lechmere had violated the National Labor Relations Act by barring non-employee organizers from its property. Appellees asserted in their brief that the Lechmere decision limited NLRA preemption in arguably federally protected accessibility cases to situations in which the employees are otherwise inaccessible, i.e., where the union has no other realistic access to the employees other than to engage in the complained-of conduct. The Lechmere precedent was not invoked by appellees as the basis for their petition in our courts. Yet, the generic language of the order granting the preliminary injunction is broad enough to be authorized by Lechmere without the need for Rule 65. This is because Lechmere contains no requirements of irreparable harm, or indeed any harm. Thus, standing alone the circuit court’s injunctive order might lead one to conclude that its reach is much 1 sbroader than the limitations of Rule 65. The interplay between Lechmere and our state Rule 65 is not within the focus of this appeal. Yet, my concurrence in the result does not assuage my concerns that the circuit court’s orders might be interpreted, or argued, to mean more than I believe they do. It is clear from the appellate record as a whole that the justifications for appellees’ injunction were the actions that the enjoined parties committed upon the appellees’ premises, and that mere presence alone was not the proximate motivation for appellees’ claims for relief under Rule 65. Therefore, I concur that the circuit court ruled appropriately based on the stipulation and facts presented, but call attention to the limitations of the injunctive orders standing alone.